COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| BRISTOL, SS. | SUPERIOR COURT<br>CIVIL ACTION NO:<br>2073CV00269A |

DAVID WIRTH, BY HIS ATTORNEY IN FACT, DEBORAH WIRTH

    PLAINTIFF,

v.

221 FITZGERALD DRIVE OPERATING COMPANY LLC d/b/a CAREONE AT NEW BEDFORD,

HEALTHBRIDGE MANAGEMENT LLC,

And

CAREONE LLC,

    DEFENDANTS.

BRISTOL SS SUPERIOR COURT
FILED

APR 21 2020

MARC J SANTOS, ESQ.
CLERK/MAGISTRATE

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. The Plaintiff, David Wirth, by his Durable Power of Attorney and Wife, Deborah Wirth ("Plaintiff"), is an individual who resides in Fall River, Massachusetts.

2. At all times pertinent hereto, The Defendant, 221 Fitzgerald Drive Operating Company LLC d/b/a CareOne at New Bedford ("CareOne at New Bedford"), is a limited liability company where, at all times material hereto conducted business as a short and long-term nursing care facility in New Bedford, Massachusetts. The Defendant maintains a principal place of business and operates at 221 Fitzgerald Drive, New Bedford, Commonwealth of Massachusetts.

1

3. At all times material hereto, CareOne at New Bedford conducted business as a short and long-term nursing care facility within the meaning of 940 C.M.R § 4.01, located at 221 Fitzgerald Drive, New Bedford, Commonwealth of Massachusetts.

4. At all times pertinent hereto, the Defendant, Healthbridge Management LLC ("Healthbridge"), is a foreign limited liability company organized under the law of the State of New Jersey that has a principal place of business located at 173 Bridge Plaza North, Fort Lee, New Jersey and a registered agent at 84 State Street, Boston, MA 02109.

5. At all times pertinent hereto, the Defendant, Healthbridge, was a management company for CareOne at New Bedford.

6. At all times pertinent hereto, the Defendant, Healthbridge, was in the business of providing management, consultant services and operational oversight to the Defendant, CareOne at New Bedford.

7. At all times pertinent hereto, the Defendant, Healthbridge was not a medical provider within the meaning of Mass. Gen. Laws. C. 231 §60B.

8. The Defendant, CareOne LLC, is a foreign limited liability company organized under the law of the State of New Jersey that has a principal place of business located at 173 Bridge Plaza North, Fort Lee, New Jersey and a registered agent at 84 State Street, Boston, MA 02109.

9. At all times pertinent hereto, the Defendant, CareOne LLC, was the direct owner of its subsidiaries CareOne at New Bedford and Healthbridge.

10. At all times pertinent hereto, the Defendant, CareOne LLC, was in the business of providing management, consultant services and operational oversight to the Defendant, CareOne at New Bedford and Healthbridge.

11. At all times pertinent hereto, the Defendant, CareOne LLC was not a medical provider within

the meaning of Mass. Gen. Laws. C. 231 §60B.

## FACTS

12. On May 13, 2017, David Wirth ("Mr. Wirth") was admitted to CareOne at New Bedford for short-term nursing care.

13. At all times material hereto, the CareOne at New Bedford owed a duty to Mr. Wirth to monitor, treat and care for him. CareOne at New Bedford subsequently breached that duty.

14. In or around May 2017, the Defendant, CareOne at New Bedford, then and there so negligently, carelessly and unskillfully provided medical care and advice to Mr. Wirth so as to cause him to develop a stage 4 decubitus pressure ulcer on his coccyx leading to pain, injuries and multiple surgical procedures.

15. Mr. Wirth was a resident at CareOne at New Bedford for only twelve (12) days (5/13/17-5/25/17). During his inpatient stay, CareOne at New Bedford failed to properly assess, care and treat Mr. Wirth's coccyx wound allowing it to advance from an abrasion to a stage 4 infected sacral decubitus ulcer requiring eighteen (18) debridement procedures and causing Mr. Wirth to develop severe sepsis and osteomyelitis.

16. As a direct result of the breaches of the standard of care by CareOne at New Bedford, Mr. Wirth was caused to suffer substantial harm with a serious injury, including a significant pressure ulcer.

17. Healthbridge and CareOne LLC exercised control of CareOne at New Bedford in that they actively and directly oversaw key areas of nursing operations, reviewed nursing practices and directed initiatives concerning patient care, coordinated and implemented training and staffing, and exercised control over the fees charged and operating budget.

18. As a result of profit decisions made by Healthbridge and CareOne LLC, the CareOne at New Bedford nursing facility was understaffed, untrained and unsupervised.

19. On September 4, 2019, the Plaintiff complied with M.G.L. c. 231, Sec. 60L by sending a Notice of Intent to File a Claim to CareOne at New Bedford.

## CAUSES OF ACTION

### COUNT I: NEGLIGENCE
(Plaintiff v. CareOne at New Bedford)

20. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

21. The Defendant negligently cared and treated Mr. Wirth, breaching the standard of care.

22. As a direct and proximate result of the Defendant's negligence, Mr. Wirth was caused to endure pain and suffering and multiple surgical procedures.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages in an amount that is fair together with interest and costs.

### COUNT II: GROSS NEGLIGENCE
(Plaintiff v. CareOne at New Bedford)

23. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

24. The Defendant committed gross negligence in their care and treatment of Mr. Wirth. The Defendant's care grossly deviated from the standard of care. During his inpatient stay, CareOne at New Bedford failed to properly assess, care and treat Mr. Wirth's coccyx wound allowing it to advance from an abrasion to a stage 4 infected sacral decubitus ulcer.

25. As a direct and proximate result of the Defendant's gross negligence, Mr. Wirth was caused to endure pain and suffering and multiple surgical procedures.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for punitive damages in an amount sufficient to punish this Defendant and deter other similar misconduct, together with interest attorney's fees and costs.

### COUNT III: NEGLIGENCE
**(Plaintiff v. Healthbridge)**

26. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

27. The Defendant negligently consulted, trained, supervised and managed the CareOne at New Bedford staff.

28. As a direct and proximate result of the Defendant's negligence, Mr. Wirth was caused to endure pain and suffering and multiple surgical procedures.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages in an amount that is fair together with interest and costs.

### COUNT VI: GROSS NEGLIGENCE
**(Plaintiff v. Healthbridge)**

29. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

30. The Defendant committed gross negligence in their consulting, training, management and supervision of the CareOne at New Bedford staff.

31. As a direct and proximate result of the Defendant's gross negligence, Mr. Wirth was caused to endure pain and suffering and multiple surgical procedures.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for punitive damages in an amount sufficient to punish this Defendant and deter other similar misconduct, together with interest attorney's fees and costs.

## COUNT V: NEGLIGENCE
### (Plaintiff v. CareOne LLC)

32. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

33. The Defendant negligently managed, staffed and budgeted CareOne at New Bedford.

34. As a direct and proximate result of the Defendant's negligence, Mr. Wirth was caused to endure pain and suffering and multiple surgical procedures.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages in an amount that is fair together with interest and costs.

## COUNT VI: GROSS NEGLIGENCE
### (Plaintiff v. CareOne LLC)

35. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

36. The Defendant committed gross negligence in their management, staffing and budgeting of CareOne at New Bedford.

37. As a direct and proximate result of the Defendant's gross negligence, Mr. Wirth was caused to endure pain and suffering and multiple surgical procedures.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for punitive damages in an amount sufficient to punish this Defendant and deter other similar misconduct, together with interest attorney's fees and costs.

## COUNT VII: VICARIOUS LIABILITY
### (Plaintiff v. CareOne at New Bedford, Healthbridge & CareOne LLC)

38. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

39. At all times pertinent hereto, the defendant, Healthbridge, was a consulting and management company providing clinical management and operational oversight to the defendant, CareOne at New Bedford

40. At all times pertinent hereto, the defendant, Care One LLC, was a management company providing management and administrative services to the defendant, CareOne at New Bedford.

41. At all times pertinent hereto, the defendant CareOne LLC, was the corporate owner of CareOne at New Bedford and Healthbridge.

42. At all times pertinent hereto, Healthbridge and CareOne LLC exercised control of CareOne at New Bedford in that they actively and directly oversaw key areas of nursing center operations, reviewed nursing practices and directed initiatives concerning resident care, coordinated and implemented training and staffing; and exercised control over the fees charged and the operating budget.

43. At all times pertinent hereto, the defendants, Healthbridge and CareOne LLC, were separate entities engaged in a single enterprise, the operation of skilled nursing centers, including CareOne at New Bedford.

44. Mr. Wirth's injuries and damages were the result of neglect by the CareOne at New Bedford staff that were insufficient in both quantity and quality of care for him and were the foreseeable result of the acts of Healthbridge and CareOne LLC.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants for compensatory damages in an amount that is fair together with interest and costs.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

        Respectfully Submitted,
        For the Plaintiff,
        By His Attorneys,

/s/ Paul L. Tetzel

Paul L. Tetzel, Esq.
BBO#683703
Rachel J. Saunders, Esq.
BBO#705851
Tetzel Law, LLC
Two Center Plaza, Suite 610
Boston, MA 02108
(617) 933-3858
Paul@TetzelLaw.com
RSaunders@TetzelLaw.com

Date: 04/16/2020

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2073CV00249 A | Trial Court of Massachusetts The Superior Court | |
|---|---|---|---|
| PLAINTIFF(S): David Wirth, by his attorney in fact, Deborah Wirth ADDRESS: 189 Franklin Street, Fall River, MA 02720 | BRISTOL SS SUPERIOR COURT FILED APR 21 2020 MARC J SANTOS, ESQ. CLERK/MAGISTRATE | COUNTY Bristol | |
| | DEFENDANT(S): 221 Fitzgerald Drive Operating Company LLC d/b/a Care One at New Bedford Healthbridge Management Company LLC CareOne LLC 221 Fitzgerald Drive, New Bedford, MA | | |
| ATTORNEY: Paul L. Tetzel, Esq; Rachel J. Saunders, Esq. ADDRESS: 2 Center Plaza, Suite 610, Boston, MA | | | |
| BBO: 683703 ; 705851 | | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B06 | Malpractice - Medical | A | [X] YES  [ ] NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  [ ] YES  [X] NO

Is this a class action under Mass. R. Civ. P. 23?  [ ] YES  [X] NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses .................................................................................. $50,000+
  2. Total doctor expenses ..................................................................................... $
  3. Total chiropractic expenses ............................................................................. $
  4. Total physical therapy expenses ..................................................................... $
  5. Total other expenses (describe below) ............................................................ $
       Subtotal (A): $

B. Documented lost wages and compensation to date ........................................... $
C. Documented property damages to date ............................................................. $
D. Reasonably anticipated future medical and hospital expenses .......................... $
E. Reasonably anticipated lost wages .................................................................... $
F. Other documented items of damages (describe below) ..................................... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
The defendants negligently cared for and treated the plaintiff, causing the plaintiff's stage 4 pressure ulcers.

TOTAL (A-F): $50,000+

### CONTRACT CLAIMS
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $ 50,000+

Signature of Attorney/ Unrepresented Plaintiff: X [signature]    Date: 04-16-2020

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X [signature]    Date: 04-16-2020